[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Valerie Schwartz is the designated primary beneficiary of a compensation agreement between the defendant and the plaintiff's late husband, Lawrence B. Schwartz, who was a director of the bank for many years. The agreement obligates the defendant bank to make 120 monthly payments of $6,331.00 each to the plaintiff beginning August 1, 1993 as a result of Mr. Schwartz' death in July, 1993.
Despite language in the agreement which expressly provides that the benefits payable under the agreement shall not be subject to seizure [or payment of any debts owed by Mr. Schwartz, the bank has refused to make any payments to the plaintiff. The bank has instead notified plaintiff that it is setting-off payments due her under the agreement against indebtedness due the bank from Mr. Schwartz' borrowing during his life. Mrs. Schwartz is not liable for the money borrowed. The indebtedness allegedly due the bank is over $1,400,000.00. The present value of the payments due to be paid to the plaintiff over a ten-year period is $570,000.00.
In accordance with the terms of the agreement, the plaintiff has submitted to arbitration her claim for damages from the bank for withholding payments under the agreement. Pursuant to Conn. Gen. Stat. 52-422 the plaintiff has applied for a prejudgment remedy, specifically an attachment and garnishment of the mortgage which she owes the bank on her property at 93 Old Hickory Road in Fairfield. The plaintiff contends that she is unable to pay the monthly payments due on the mortgage because of the bank's withholding of the payments under the agreement.
At the prejudgment remedy hearing, counsel for the bank agreed that he was not opposing the application on a factual basis, but he wished to raise certain legal issues. The bank's first contention is that the plaintiff has failed to join in this action two indispensable parties, the two contingent beneficiaries of the agreement. The defendant contends that all beneficiaries must be joined in cases involving the interpretation or administration of estate or trust instruments.
This case, however, does not involve such an interpretation or administration. The agreement will be interpreted in the arbitration proceeding as required by the terms of the agreement. This action is brought as ancillary to the arbitration "to protect the rights of the parties pending the rendering of the award." Conn. Gen. Stat. 52-422. The only CT Page 9999 relief sought in this action is the prejudgment remedy and "[s]uch permanent orders as may be entered upon the conclusion of said arbitration proceedings." None of the rights of the contingent beneficiaries will be adjudicated in this action. Contrary to the defendant's claims, the contingent beneficiaries' rights cannot be extinguished in this action, where the principal relief sought is a prejudgment remedy which is subject to modification. Conn. Gen. Stat. 52-278k. There is no merit to the defendant's claim.
The defendant next disputes the plaintiff's claim for a prejudgment remedy in an amount equal to the present value of all 120 monthly payments. The bank contends that the plaintiff can show probable cause only for installment payments already due and not for any future installments. The legal authority cited by the defendant, and not rebutted by the plaintiff, supports the defendant's contention.
Although breach and repudiation of a contract generally permit the non-defaulting party to sue for damages for breach of the full contract, an exception exists with respect to contracts for the payment of money in installments. A breach of such a contract, even if accompanied by repudiation, "does not give rise to a claim for damages for total breach." Restatement (Second) of Contracts (1981) 243(2) and (3). See also Calamari Perillo, Contracts 12-9 (3d Ed. 1987) and Farnsworth, Contracts 8.18 (1990). In a case which arose out of a pension contract similar to the one at issue here, the Court of Appeals for the Second Circuit decided in accordance with the "usual rule" that contracts to pay money in installments are breached one installment at a time. Quick v. American Steel and Pump Corp., 397 F.2d 561 (2d Cir. 1968).
As of the date the prejudgment remedy application was filed, the defendant had failed to make two installment payments, the installments due August 1, 1993 and September 1, 1993. The court finds probable cause to sustain the validity of the plaintiff's claim in the amount of $12,662.00 and the application for prejudgment remedy is granted in that amount.
At oral argument the defendant raised a third issue, concerning the effect of any garnishment. He contended that any garnishment order that the court might enter can be complied with only if the plaintiff/garnishee pays her mortgage payments into escrow. The plaintiff may have a different understanding, CT Page 10000 believing that the garnishment order excuses her from making the mortgage payments. This issue was not briefed by either party and will not be decided by the court without memoranda of law. If the parties do not agree, they should notify the court and the issue will be set down for briefing and argument.
CHRISTINE S. VERTEFEUILLE, JUDGE